## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**JAMIE S. HOFMEISTER,**

    Petitioner,

    v.                                          Case No. 14-C-813

**MICHELLE HOFFMAN,**
Superintendent of the Robert E. Ellsworth
Correctional Center,

    Respondent.[1]

# DECISION AND ORDER

On July 11, 2014, the pro se Petitioner, Jamie S. Hofmeister ("Hofmeister"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondent Michelle Hoffman ("Hoffman"), Superintendent of the Robert E. Ellsworth Correctional Center, in Union Grove, Wisconsin. (ECF No. 1.) Hofmeister is currently serving a state sentence imposed on February 14, 2002. She maintains that 170 days of sentence credit has been miscalculated and that, if properly credited, she should be released on August 19, 2014. Hofmeister also filed a motion for a temporary restraining order and preliminary injunction, and a declaration in support thereof. (ECF Nos. 3-4.)

Because Hofmeister is in custody pursuant to a state judgment, her request for relief is governed by § 2254. *See Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000).

---

[1] The petition named Michelle Hoffman, Diane Schaab, and Christine Zuraff as respondents. However, because she is in state custody, the state officer having custody of the petitioner is the proper respondent. See Rule 2(a), Rules Governing § 2254 Petitions. Diane Schaab and Christine Zuraff are not proper respondents and, therefore, are dismissed from this action.

Section 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case. *Id.* "Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Id.* Section 2254 and all associated statutory requirements apply when a state prisoner files her petition in the district court, no matter what statutory label the prisoner has given the case. *Id.*

However, before this Court may recharacterize the § 2241 petition as a § 2254 petition, it must notify Hofmeister that such a recharacterization may bar a later habeas challenge because 28 U.S.C. § 2244(b) prohibits "second or successive" § 2254 petitions. *See Castro v. United States,* 540 U.S. 375, 385 (2003). The Court will afford Hofmeister an opportunity to withdraw her petition or amend it to contain all § 2254 claims she wants to assert, in order to avoid a bar on any additional claims as "second or successive." By the stated deadline, Hofmeister must file a statement informing the Court whether she is withdrawing her § 2241 petition, or consenting to the recharacterization of her § 2241 petition as a § 2254 petition, or file a § 2254 petition in this case. The Court will review Hofmeister's petition pursuant to Rule 4 of the Rules Governing § 2254 Cases upon the filing of Hofmeister's consent or a § 2254 petition.

If Hofmeister does not file a response to this Decision and Order by the stated deadline, she will be deemed to have withdrawn her petition and the Court will dismiss this action.

However, Hofmeister should note that she must exhaust all available state remedies before a federal court can consider her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006). In addition, the claims presented in a § 2254 petition cannot be procedurally defaulted, which means the petitioner must have "fully and fairly" presented her federal claims to the state courts. *Id.*

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

No later than August 29, 2014, Hofmeister must file a statement notifying the Court whether she is withdrawing her § 2241 petition, or consenting to recharacterization of the § 2241 petition as a § 2254 petition, or file a § 2254 petition in this case;

If Hofmeister does not file a response to this Decision and Order by August 29, 2014, she will be deemed to have withdrawn her petition and this action will be dismissed without further other of the Court; and

Diane Schaab and Christine Zuraff are **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2014.

        **BY THE COURT:**

        */s/ Rudolph T. Randa*
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**