**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**JAMIE S. HOFMEISTER,**

      Petitioner,

      v.                                                    Case No. 14-C-813

**MICHELLE HOFFMAN,**
Superintendent of the Robert E. Ellsworth
Correctional Center,

      Respondent.

## DECISION AND ORDER

Having been given notice by the Court the pro se Petitioner, Jamie S. Hofmeister ("Hofmeister"), has consented to the recharacterization of her § 2241 petition as a petition for relief pursuant to 28 U.S.C. § 2254. (ECF Nos. 7, 8.) Hofmeister was also advised that she must exhaust all available state remedies before a federal court can consider her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Court's July 28, 2014, Decision and Order, 3 (citing *Anderson v. Benik,* 471 F.3d 811, 814 (7th Cir. 2006))).

Hofmeister is currently serving a state sentence imposed on February 14, 2002. She maintains that 170 days of sentence credit has been miscalculated and that, if properly credited, she should be released on August 19, 2014.

The Court now considers this matter pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Court which reads:

> If it plainly appears from the petition and any attached
> exhibits that the petitioner is not entitled to relief in the

> district court, the judge must dismiss the petition and
> direct the clerk to notify the petitioner. If the petition is
> not dismissed, the judge must order the respondent to file
> an answer, motion, or other response.

The Court is obliged to give Hofmeister's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

The Court's initial review of habeas petitions requires determining whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. It is well established that a prisoner seeking a writ of habeas corpus must exhaust her state remedies before seeking federal relief. 28 U.S.C. § 2254(b)(1)(A). In order to comply with this requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

Hofmeister's original petition indicates that with respect to the challenged sentence calculation she has a request for review pending with Waukesha County, Wisconsin Circuit Court Judge Donald J. Hussin, and a request for administrative review pending with the Wisconsin Department of Corrections. (*See* Pet. 3-4.) (ECF No. 1.) Hofmeister's August 1, 2014, filing states that she filed another motion for relief with the Waukesha County Circuit Court.

Hofmeister stresses the need for immediate relief from this Court. However, she is pursuing two state remedies challenging the calculation of her sentence. Both remedies are at the initial stages. If Hofmeister does not obtain relief in either of those proceedings,

she must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *See McAtee v. Cowan,* 250 F.3d 506, 508-09 (7th Cir. 2001).

Despite a liberal construction, review of the petition, brief, and addendum to that petition establish that Hofmeister's petition must be dismissed for failure to exhaust state remedies. It follows that Hofmeister's motion for a temporary restraining order and preliminary injunction is also dismissed. (ECF No. 3.)

Under Rule 11 of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. When the Court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). A petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. And a petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* Hofmeister failed to exhaust her state remedies. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage her to proceed further, the Court declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Hofmeister's petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

Hofmeister's motion for a temporary restraining order and preliminary injunction (ECF No. 3) is **DISMISSED**.

The Court declines to issue a certificate of appealability; and

The Clerk of Court is **DIRECTED TO ENTER** judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**